IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bartley G. MAUCH, Attorney at Law.

Supreme Court

*No. 81–2107–D. Filed June 2, 1982.*
(Also reported in 319 N.W.2d 877.)

PER CURIAM. *Attorney disciplinary proceeding; proceeding dismissed.*

On November 3, 1981, the Board of Attorneys Professional Responsibility filed a complaint alleging that Bartley G. Mauch, an attorney licensed to practice law in Wisconsin since 1972, and who, at the time of the commencement of this proceeding, was district attorney for Sauk county, was guilty of unprofessional conduct by reason of his having discussed with a criminal defendant charged with first-degree murder and first-degree sexual assault a proposed plea agreement without the express or implied permission of the defendant's counsel. The complaint alleged that at the time and place of the conversation between the respondent and the defendant on December 18, 1978, the defendant did not effectively waive his right to counsel, nor did counsel have reasonable opportunity to attend the meeting or have any knowledge that the meeting was taking place. The Board alleged that such conduct violated SCR 20.38(1) (1982).

In his answer to the complaint, the respondent denied that he had a conversation with the defendant without the permission of his counsel and affirmatively alleged he had the actual or implied consent or, in the alternative, the apparent actual or implied consent of the attorney. He also alleged that the meeting was held entirely at the insistence of the defendant, that the respondent was authorizd by law to talk with the defendant, that the conversation had no bearing or effect on the outcome of the criminal matter and that the trial court's finding as to the validity of the plea agreement subsequently entered into by the defendant and other counsel constituted a judicial finding that the respondent had acted properly.

We referred the matter to the Hon. W.L. Jackman as referee pursuant to SCR 21.09(4). Following a hearing, the referee filed his report and recommendation with the court on April 22, 1982, in which he found that when the respondent contacted the defendant's attorney and informed him of the defendant's request for a meeting and asked permission to meet with the defendant, the attorney's reply was that he would not tell the respondent not to meet with defendant. The referee found that on the basis of that reply, the respondent believed that there was no objection to the meeting. It was also found that when another attorney was appointed to represent the defendant, that attorney and the respondent reached a plea agreement which that attorney later sought to have set aside in part because of the conference at which the defendant's former counsel had not been present. The trial judge denied the motion and entered a written opinion setting forth his reasons, and the referee relied on those reasons as a basis for his recommendation.

The referee concluded that, because the defendant's attorney had a duty in fairness to the respondent to state that he forbade the meeting if in fact it was in any way

objectionable, his failure to do so constituted a license to the respondent to go ahead with the meeting. He further found that there was no showing that the defendant was in any way prejudiced by the meeting or that any reliance was ever placed by either the defendant or the respondent on what took place there. The referee recommended that the disciplinary proceeding against the respondent be dismissed.

We agree with the referee's conclusion that the respondent did not violate SCR 20.38 by his conduct in this matter. At the hearing held by the referee on January 8, 1982, the testimony was undisputed that, when informed of the defendant's insistence upon meeting with him, the respondent notified the defendant's attorney and asked for his permission to meet with the defendant. After the attorney stated that he neither objected to nor condoned the proposed meeting, the respondent extended an invitation to attend the meeting to an associate of the attorney, who declined. The respondent testified that prior to the conference with the defendant, he had concluded that the defendant had made a conscious decision to disregard or not be involved with his court-appointed attorney. The respondent testified that at the outset of the meeting he required that the defendant waive his right to have his attorney present, which the defendant freely and voluntarily did. Under the circumstances, nothing more was required of the respondent in order to enter into a discussion with the defendant, and the respondent's conduct in this matter was proper.

We therefore adopt the findings, conclusions and recommendation of the referee. It is ordered that this disciplinary proceeding is dismissed.